UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>FANNIE MAE, BANK OF AMERICA FHFA, ADRIANA RODRIQUEZ, HUG FRATER, BRIAN MOYNIHAM, MARL CALABRIA,<br><br>Defendants. | Case No. 1:21-cv-00848-AWI-HBK<br><br>ORDER DENYING MOTION AND STRIKING DOCUMENTS CONTAINING PRIVATE INFORMATION<br><br>(Doc. No. 7) |

On May 26, 2021, Plaintiff April Premo Williams initiated this action *pro se* by filing a Complaint against various defendants concerning the mortgage on her home. (Doc. No. 1). Plaintiff paid the $402.00 filing fee to proceed on this action. (Receipt No. CAE100048568). Pending before the Court is Plaintiff's "request for subpoena." (Doc. No. 7, "Motion"). Plaintiff files the Motion requesting the Court to issue a subpoena, so Plaintiff can receive a copy of the contract between Fannie Mae and Bank of America concerning the servicing of Plaintiff's mortgage. (*Id.* at 1). Plaintiff attaches to the Motion, letters from the bank to Plaintiff and her personal check, unredacted, bearing her bank account number.

Because both Fannie Mae and Bank of America are parties, Plaintiff does not require a subpoena to obtain documents from the parties. *See generally* Fed. R. Civ. P. 45. The Court liberally construes the Motion instead as a request for production of documents on a party under

Federal Rule of Civil Procedure 34, or otherwise seeking the information related to her mortgage directly from her bank. Discovery is not filed with the Court, until there is a proceeding in which the request, response, or proof of service is at issue. *See* Local Rules 250.3 (E.D. Ca. 2019). Plaintiff recently initiated this action and it is not clear whether service has been effectuated upon defendants. *See* Fed. R. Civ. P. 4. Once service is effectuated, defendants must reply to the complaint within the time permitted by Fed. R. Civ. P. 12(a). While the Court has set this case for mandatory scheduling conference for February 17, 2022 (Doc. No. 6), after service is effectuated the parties are required to comply with Fed. R. Civ. P. 26 to make initial mandatory disclosures without a formal discovery request. Fed. R. Civ. P. 26(a)(1) (C).

Further, Plaintiff's financial account numbers contained within the Motion is protected under Fed. R. Civ. P. 5.2. However, a party may waive the protection afforded under the rule by filing their own information, unredacted, which is how Plaintiff has proceeded. *See* Fed. R. Civ. P. 5.2(h). As a one-time courtesy, the Court directs the Clerk to strike and return Plaintiff's Motion to the extent it contains sensitive, financial account information.

Accordingly, it is **ORDERED**:

1. Plaintiff's request for subpoena (Doc. No. 7), construed as a request for production of documents is denied.

2. The Clerk of Court shall strike and return (Doc. No. 7) containing Plaintiff's private financial account numbers.

Dated: July 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2