UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>FANNIE MAE, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00848-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND REQUEST FOR JUDICIAL NOTICE[1]<br><br>ORDER DENYING PLAINTIFFS REQUEST TO COMPEL DISCOVERY<br><br>(Doc. Nos. 9, 10)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is the motion to dismiss Plaintiff April Premo Williams's ("Plaintiff" or "Williams") initial pro se complaint filed by Defendants Bank of America, N.A., Federal National Mortgage Association (dba Fannie Mae), Hugh Frater, Brian Moynihan, and Adriana Rodriguez on September 13, 2021. (Doc. No. 9). Defendants also filed a request for judicial notice in support of this motion. (Doc. No. 10). Plaintiff filed a "Motion to Not Dismiss

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019). (*See* Doc. No. 12).

Case" on September 22, 2021, which the Court construes as Plaintiff's opposition to Defendants' motion. (Doc. Nos. 11, 12). Defendants did not file a reply. The undersigned hereby recommends that the Court: (1) grant Defendants' Request for Judicial Notice as to Exhibits A and B (Doc. No. 10); (2) grant the motion to dismiss as to Defendants Hugh Frater, Brian Moynihan, and Adrianna Rodriguez without leave to amend (Doc. No. 9); (3) grant the motion to dismiss as to Defendants Bank of America and Fannie Mae with leave to amend (Doc. No. 9); (4) deny Plaintiff's incorporated request for an order compelling discovery (Doc. No. 11); and (5) deny Plaintiff's incorporated motion for preliminary injunction.

## I.  REQUEST FOR JUDICIAL NOTICE

In support of their motion to dismiss, Defendants filed a Request for Judicial Notice. (Doc. No. 10). Plaintiff did not respond directly to the Request. (*See* Doc. No. 11).

Defendants request judicial notice of two deeds of trust recorded in the Official Records of the Stanislaus County Recorder's Office. (Doc. Nos. 10-1, 10-2). Although on a motion to dismiss a court normally does not consider matters outside the pleadings, it may consider items that are properly the subject of judicial notice. *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120 (N.D. Cal. 2009). The Court may take judicial notice of the deeds of trust, as they are official documents. Fed. R. Evid. 201(b)(2); *see also id.* at 1120-21 (taking judicial notice of deed of trust); *Paulhus v. Fay Servicing, LLC*, Case No. 14-736, 2014 WL 3845051, *1, n.2 (E.D. Cal. Aug. 6, 2014) (taking judicial notice of "several recorded documents pertaining to plaintiff's property," including a deed of trust). The undersigned therefore recommends that the Court take judicial notice of Doc. Nos. 10-1 and 10-2 for purposes of ruling on the motion to dismiss.

Defendants also ask that the Court consider two promissory notes, which they represent were executed by Plaintiff in 2008 and 2009, respectively. (Doc. Nos. 10 at 2-3). They state that this type of request for incorporation by reference is often conflated with judicial notice. (*Id.*). Documents extensively referenced or relied on in a complaint may be considered incorporated by reference in Rule 12(b)(6) proceedings. *Ecological Rights Found. V. Pac. Gas & Elec.*, 713 F.3d 502, 511 (9th Cir. 2013). Here, Plaintiff purports to quote from and relies extensively on these notes in her Complaint. (*See* Doc. No. 1 at 2-3). Thus, the undersigned recommends the Court

2

consider these two promissory notes incorporated by reference into the Complaint.

## II.     BACKGROUND

Plaintiff initiated this action by filing her initial pro se Complaint on May 26, 2021. (Doc. No. 1). Plaintiff labels her Complaint as bringing claims for breach of contract, violations of the Rehabilitation Act and American with Disabilities Act ("ADA), discrimination, hate crimes and harassment and abuse. (*id*. at 1). The following facts are gleaned from her Complaint and are presumed true at this stage of the proceedings. Plaintiff believes she is disabled under the ADA and other federal laws (*id*. at 1-2) because she has "mental disabilities" including being "borderline mentally retarded concerning the abstract concept of numbers"[2] (*id.* at 2). She pays monthly interest and principal, insurance, and taxes on two loans. These loans relate to properties on Pyramid Drive in Ceres, California and on Algen Court in Modesto, California, respectively. (*Id.*).

When Plaintiff was able to go into a bank branch and make payments on her loans, she never missed a payment. (*Id.*). At some point in time, Plaintiff's sister got cancer, her mother died, and she forgot to pay the county taxes for one year. (*Id.*). She repaid Bank of America for paying those taxes and resumed her other payments as before. (*Id.*).

Rather than accepting the repayment and allowing Plaintiff to resume her monthly payments and direct payment of taxes as before, Bank of America insisted that she pay her original payment amount into an escrow account, along with an additional amount for taxes. (*Id.*). She requested "no escrow account" as an ADA accommodation because, due to her disabilities, she cannot make a payment that varies. (*Id.* at 2, 4-5). An employee of Bank of America, Defendant Rodriguez, told Plaintiff that the bank did not have to accommodate the mentally disabled. (*Id.*).

Plaintiff contends that Bank of America violated the deed of trust by failing to apply her payments correctly. (*Id.*). Instead of applying them to interest and then principal, Bank of

---

[2] The Court construes Plaintiff's allegations as true for purposes of this motion.

3

American placed them in an "unapplied account" until the payments were sufficient to cover interest, principal, and the escrow. (*Id.*). She contends that because she has been paying the insurance and taxes directly, there is no need for an escrow account. (*Id.* at 4). Nevertheless, Bank of America refused to eliminate the escrow account, even though they knew Plaintiff's disability prevented her from paying an escrow account. (*Id.* at 4).

Plaintiff contends that the promissory notes on her loans permit her to pay Fannie Mae directly, but Fannie Mae will not accept her payments, forcing her to pay Bank of America, as it instructs, to keep the properties. (*Id.* at 3). She also contends Fannie Mae gave her financial information to Bank of America by allowing the bank to service her loans. (*Id.* at 5). She claims Fannie Mae effectively provided her medical information to Bank of America by forcing her to ask Bank of America for an ADA accommodation. (*Id.*).

Plaintiff also asserts there are "many incidents of harassment and abuse," including, for example, that Bank of America sent back her loan modification applications because she did not put "0" in each line that did not apply to her, that Bank of America repeatedly asked her for income on her loans, and that Bank of America made repeated estimates of Plaintiff's properties, charging her 13 times, then later claimed those charges were due to computer changes. (*Id.* 6). Plaintiff was finally given loan modifications after she complained to Fannie Mae and Bank of America, but Bank of America did not eliminate the escrow account and the modification does not address her disability. (*Id.*).

### III.    APPLICABLE LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief

4

1  above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*
2  *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the
3  complaint, as well as any reasonable inferences to be drawn from them). Though courts construe
4  pro se filings liberally and afford the pro se litigant the benefit of any doubt, a pro se complaint
5  still must satisfy these standards. *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

6  "Where a motion to dismiss is granted, a district court must decide whether to
7  grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and,
8  thus, leave to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ.*
9  *Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However,
10 where leave to amend would be futile, because "the allegation of other facts consistent with the
11 challenged pleading could not possibly cure the deficiency," leave to amend may be denied.
12 *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### IV.   ANALYSIS

**A. Breach of Contract**

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance of the contract or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damage to the plaintiff.[3]  *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

**1. Fannie Mae**

Plaintiff first takes issue with Fannie Mae requiring her to make payments to Bank of America as servicer of her loans. (Doc. No. 1 at 3). She states that her payments were originally to be made to Countrywide Bank and now they are to be made to Bank of America. (*Id.*). She

---

[3] Defendants state that a "plaintiff must plead the facts of the breach with specificity," citing *Levy v. State Farm Mut. Auto Ins. Co.*, 150 Cal. App. 5th 1 (2007). (Doc. No. 9). It is not clear this is an entirely accurate description of California law. *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1261 (2018) ("[F]raud is the only remaining cause of action in which specific pleading is required"). In any event, federal pleading standards apply in federal court, even to state law claims. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015) (federal pleading standard applied over California's heightened pleading standard for punitive damages); *Lanini v. JPMorgan Chase Bank*, No. 2:13-cv-00027-KJM-EFB, 2014 WL 1347365 (E.D. Cal. April 4, 2014) (federal pleading standard applied to breach of contract claim). The Court applies the federal pleading standards here.

alleges changes to her loan contracts require the signature of both parties and implies that she did not agree to any such change. (*Id.*). As Defendants point out, however, under the deed of trust, the loan servicer collects payments due under the note and deed. (Doc. Nos. 10-1 at 10 ¶ 20, 10-2 at 10 ¶ 20). And a loan servicer may be changed "without prior notice to" the borrower. (Doc. Nos. 10-1 at 10 ¶ 20, 10-2 at 10 ¶ 20). Thus, the plain terms of the deed of trust establish that Fannie Mae may identify a servicer to which payments must be made. Plaintiff has not stated a breach of contract claim on the grounds that Fannie Mae requires her to submit payments to Bank of America as loan servicer.

Plaintiff also alleges that Fannie Mae breached the contract by requiring an escrow account (or "impound account," as Plaintiff refers to it). (*See* Doc. No. 1 at 4). The deeds of trust expressly authorize all of the following: (1) an escrow account that collects funds for, among other things, taxes, and insurance; (2) the lender's waiver of the escrow account; and (3) the lender's revocation of its waiver. (Doc. Nos. 10-1 at 5 ¶ 3, 10-2 at 5 ¶ 3). As such, Plaintiff's allegations that Fannie Mae imposed an escrow account or revoked an earlier waiver of the payment of any escrow items, do not describe a breach of contract, but rather, identify conduct entirely consistent with Fannie Mae's contractual rights and obligations.

Plaintiff responds that because she has repaid all amounts owed for unpaid taxes from 2018 and she has paid county taxes directly for the past two years, the escrow account is no longer appropriate. (*See* Doc. No. 11). Though this may be a commonsense theory, it does not state a breach of contract claim. The deed of trust does not limit the lender's authority to impose an escrow account to situations in which such an account may be necessary. Plaintiff has pointed to nothing in the contract documents that requires the lender to waive the escrow account or to re-waive it after revocation. Plaintiff has failed to state a breach of contract claim on the grounds that she believes an escrow account is unnecessary.

Plaintiff also suggests there is a problem with her note regarding the Pyramid Street loan because it was originated in 2003 as a 15-year loan, but it is not due until 2023. (Doc. No. 1 at 3). These allegations are contradicted by the note, which indicates that the loan originated in 2009. Thus, Plaintiff has not stated a claim for breach of contract regarding the loan period.

6

Finally, Defendants argue that Plaintiff cannot establish any damages for breach of contract. Actual damages, resulting from the breach of contract, are required to state a claim. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (citing *Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 511 (1967)). Plaintiff asserts she has been charged various fees and penalties on her account, but she does not connect those charges to any breach by Fannie Mae. (*See* Doc. No. 1 at 6; *see also* Doc. No. 11 at 5-6, 8). Because the Complaint fails to allege damages resulting from Fannie Mae's breach, it fails to state a breach of contract claim.

The undersigned recommends that the Court grant Fannie Mae's motion to dismiss Plaintiff's breach of contract claim under Rule 12(b)(6). Because Plaintiff is pro se and has not yet had a chance to amend her Complaint, and she may be able to allege breach of contract and resulting damages, the undersigned recommends granting Plaintiff leave to file an amended complaint.

**2. Bank of America**

Plaintiff alleges that Bank of America breached the deed of trust by imposing the escrow account. As discussed above, this fails to state a claim. The deeds of trust expressly authorize escrow accounts. (Doc. Nos. 10-1 at 5 ¶ 3, 10-2 at 5 ¶ 3).

Plaintiff also alleges that Bank of America violated the deeds of trust on her loans by failing to correctly apply her payments. (Doc. No. 1 at 4). According to Plaintiff, Bank of America should have first applied her payments to interest and then to principal, but Bank of America placed her payments in an "unapplied account" until there was enough to cover interest, principal, and escrow. (*Id.*).

Bank of America argues that the deed of trust expressly authorizes it to apply payments in this way. (Doc. No. 9 at 7). The cited sections of the deeds of trust state that payments are applied first to interest, then to principal, then to amounts due under the escrow provision. (Doc. Nos. 10-1 at 5 ¶ 3; 10-2 at 5 ¶ 3). However, they say nothing about holding the payments and not applying them until a sufficient amount is received to cover all interest, principal, and escrow amounts due. (Doc. Nos. 10-1 at 5 ¶ 3; 10-2 at 5 ¶ 3). Paragraph 1 of the deeds of trust, however,

provides:

> Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower.

(Doc. Nos. 10-1 at 4 ¶ 1; 10-2 at 4 ¶ 1).  These sections expressly allow the lender to hold payments less than the interest, principal, and escrow then due (Doc. Nos. 10-1 at 3 ¶ (P); 10-2 at 3 ¶ (P)) in an unapplied account until the loan is current.  Therefore, Plaintiff has not stated a breach of contract claim on the grounds that Bank of America misapplied her payments.

Bank of America also argues that Plaintiff has failed to allege actual damages resulting from any breach of contract.  Although Plaintiff has alleged various fees and penalties have been added to her account, she does not tie these to any breach of contract, and thus fails to state a claim.  Because Plaintiff may be able to amend her breach of contract claim against Bank of America, however, the undersigned recommends granting her leave to amend her complaint.

**B.  ADA and Rehabilitation Act**

Plaintiff also contends that Fannie Mae and Bank of America violated the Americans with Disabilities Act and the Rehabilitation Act of 1973.  She does not specify any particular provisions; thus, the undersigned addresses each potentially relevant section.

Title II of the ADA concerns "public services" and provides in relevant part:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. A "public entity" includes a "State or local government" and such government's agencies and instrumentalities.  42 U.S.C. § 12131(a)(1)(A)-(B); *Tennessee v. Lane,* 541 U.S. 509, 517 (2004).  Here, Defendants point out that Plaintiff does state a claim against them under Title II of the ADA because they are not "public entities."  Defendants are

correct. As Plaintiff acknowledges, Fannie Mae is a federal entity and Bank of America is a national bank. Neither are State or local governments nor their agencies or instrumentalities. Plaintiff has not stated an ADA Title II claim against Defendants.

Title III, the "public accommodations" section of the ADA, provides:

> No individual shall be discriminated against on the basis of disability in the full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To state a Title III ADA claim, the plaintiff must plead: (1) plaintiff has a disability; (2) defendant is a place of public accommodation; and (3) defendant discriminated against the plaintiff by denying a full and equal opportunity to enjoy the services the defendant provides. *Arizona ex rel. Goddard v. Harkins Amusement Enter., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010).

Plaintiff has not alleged that she was denied the full enjoyment of services provided by Fannie Mae, as lender, or Bank of America, as loan servicer. *In Weyer v. Twentieth Century Fox Film Corp.,* a plaintiff challenged her long-term disability insurance policy's limit on mental health benefits. 198 F.3d 1104, 1114 (9th Cir. 2000). She alleged that because the policy did not include a similar limit on non-mental health benefits, it was discriminatory under Title III. (*Id.*). The Ninth Circuit rejected this argument, holding that Title III does not control the terms of the policy. (*Id.*). The Court distinguished between what is covered under Title III and what is not, reasoning:

> Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print. Likewise, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled.

(*Id.*). In the Ninth Circuit, Title III governs physical spaces and the provision of services connected to those spaces, but it does not regulate the precise terms of services offered. *See id.* at 1114*; see also National Association of the Deaf v. Harvard University*, 377 F.Supp.3d 49, 59 (D.Mass 2019) (discussing circuit split). As in *Weyer*, the terms of Plaintiff's mortgage

9

agreement, and whether they permit imposition of an escrow account, are outside the scope of Title III of the ADA.

Moreover, the crux of Plaintiff's claims is the allegation that she is entitled to a waiver of the escrow provision. (*See* Doc. No. 1 at 4). But Title III does not require the provision of different services to people with disabilities, only "nondiscriminatory enjoyment of those that are provided." *Arizona ex rel. Goddard,* 603 F.3d at 671 (quoting *Weyer*, 198 F.3d at 1115). "There is no discrimination under the Act where disabled individuals are given the same opportunity as everyone else." *Id.* (quoting *Weyer*, 198 F.3d at 1116). The complaint includes no factual allegations that Defendants refused to waive the escrow provision because of Plaintiff's disability. For this additional reason, Plaintiff has not stated a claim under Title III of the ADA.[4]

Section 504 of the Rehabilitation Act provides in relevant part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of [the person's] disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794. As discussed above, the Complaint alleges that Plaintiff is entitled to a waiver of the escrow account provision in the deed of trust. These allegations do not suggest that Plaintiff is being excluded from participation in, denied the benefits of, or subjected to discrimination by Defendants. Thus, she has not stated a claim under the Rehabilitation Act.

As an additional basis for dismissing Plaintiff's Rehabilitation Act claim, Defendants suggest that Plaintiff cannot establish that the denial of her request for waiver of an escrow account was only because of her disability. They indicate that "the imposition of escrow was done to protect her lender's interests in the Property and to avoid a tax lien attaining priority of the deeds of trust." (Doc. No. 9 at 15). In support of this statement, Defendants make only a general reference to the deeds of trust, not to any specific section or to any legal authority. This is not sufficient to establish that Plaintiff cannot state a Rehabilitation Act claim as a matter of law.

---

[4] In the section of their motion to dismiss relating to Plaintiff's ADA claim, Defendants refer to 29 C.F.R. § 36.02. (Doc. No. 9 at 8). There is no such section. The Code of Federal Regulation sections relating to public accommodations is in Title 28, Part 36, beginning with § 36.101.

The undersigned recommends that the Court grant Defendants' motion to dismiss Plaintiff's ADA and Rehabilitation Act claims with leave to amend the complaint.

**C. Hate Crime**

Under a heading of "Hate Crime," Plaintiff alleges that Defendants violated 18 U.S.C. § 241. This is the criminal Conspiracy Against Rights statute. However, this is not a criminal proceeding and Plaintiff may not bring criminal changes against Defendants. A somewhat similar civil provision exists, 42 U.S.C. § 1985(3), but Plaintiff alleges no facts supporting a civil conspiracy claim. She states only that Fannie Mae and Bank of America failed to comply with the Rehabilitation Act and ADA. (Doc. No. 1 at 5). As discussed above, Plaintiff has not stated a claim that her civil rights were violated. Moreover, her allegations do not describe a conspiracy. The Complaint does not state a civil rights conspiracy claim.

Plaintiff also alleges that Fannie Mae violated her Fourth Amendment rights by giving her financial information to Bank of America so that Bank of America could service Plaintiff's two loans. As the Ninth Circuit has explained: "By its plain text the Fourth Amendment does two things. First, the Fourth Amendment prohibits unreasonable searches and seizures. Second, the Fourth Amendment specifies the conditions under which a warrant can be issued." *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1075 (9th Cir. 2018) (internal citation omitted). Plaintiff's Fourth Amendment claim fails because she does not allege a search, a seizure, or an improper warrant.

Plaintiff also alleges that Fannie Mae violated her privacy and Health Insurance Portability and Accountability Act ("HIPAA") rights by forcing her to ask Bank of America for an ADA accommodation. (Doc. No. 1 at 5). As Defendants point out, Plaintiff fails to explain how Plaintiff's own transmittal of her medical information is actionable. She does not address this issue in her opposition. Plaintiff has not stated a claim for violation of her privacy or HIPPA rights.

Finally, Plaintiff alleges that Bank of America gave her personal information to credit bureaus. Accurate credit reporting is permitted under federal law. *See* 15 U.S.C. § 1681s-2. Plaintiff does not allege how Bank of America's reporting violated any law and thus the

Complaint fails to state a credit reporting claim.

### D. Harassment and Abuse

Plaintiff alleges that Defendants have engaged in "harassment and abuse." The Complaint describes "one example," and states that Plaintiff intends to present more at trial. (Doc. No. 1 at 6). She describes various issues with the loan modification process and disapproval of the loan modification that was offered. (*Id.* at 6-7). Under certain circumstances, a lender or loan servicer may be liable for certain types of misconduct occurring during a loan modification or foreclosure process. *See, e.g., Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1166-89 (2016). Plaintiff suggests that some of her loan application documents were returned to her for failing to fill in the sections that did not apply to her, but she does not state how this violates the law. She also alleges that she had to follow up with Bank of America by letter to get a loan modification and that the loan modification is not on the terms she requested. Again, she does not explain how this violates the law. Finally, she asserts that Bank of America repeatedly charged her $17.50 for estimates of the property, and then explained them as resulting from computer changes. She does not state that these were improper charges that remain on her account, or otherwise explain how these charges violate the law. She has failed to state a claim that any "harassment and abuse" by Defendants reached the level of a legal violation.

### E. Individual Defendants

Plaintiff brings suit against Fannie Mae's CEO Hugh Frater, Bank of America's CEO Brian Moynihan, and Bank of America employee Adrianna Rodriguez. "When a plaintiff sues multiple defendants, the complaint 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'" *Dougherty v. Bank of Am.*, N.A., 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016). Plaintiff does not allege which claims are asserted against these defendants, and thus fails to put them on fair notice. *See id.*; Fed. R. Civ. Proc. 8(a)(2).

In her opposition, Plaintiff asserts that Defendants Moynihan and Frater are liable because she copied them on letters, making them aware of the ADA or Rehabilitation Act violations she

alleges in the Complaint. However, defendants are not liable in their individual capacities under the ADA or Rehabilitation Act. *See Gamino v. Yosemite Cmty. Coll. Dist.*, No. 18-cv-00391-LJO-SAB, 2018 WL 1870447, at *8 (E.D. Cal. Apr. 17, 2018). Accordingly, because any ADA or Rehabilitation Act claim against Defendants Frater, Moynihan, and Rodriguez would be futile, Plaintiff should not be granted leave to amend on such claims. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## V. PLAINTIFF'S REQUEST FOR DISCOVERY

In her opposition, Plaintiff requests various documents from Defendants. (Doc. No. 11 at 7-8). As the Court has previously indicated (Doc. No. 8), requests for discovery are not filed with the court; they are sent directly from one to party to the others. Discovery—the formal process by which parties gather documents and information during litigation—is governed by the Federal Rules of Civil Procedure. Before serving requests for discovery, the parties must first exchange initial disclosures under Rule 26(a). Once that is complete, they must comply with the timing, service, and other requirements of the Federal Rules in order to obtain documents from other parties. *See, e.g.,* Fed. R. Civ. P. 26, 34. Given these rules and the parties' obligations to work cooperatively in the exchange of discovery, the undersigned denies Plaintiff's incorporated request to compel discovery in Plaintiff's opposition.

## VI. PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

At the end of Plaintiff's opposition, she requests a "stay order stopping Fannie Mae and Bank of America from [foreclosing] on two properties owned" by her and "removing the escrow account" for the duration of this lawsuit. (Doc. No. 1 at 6) (bold and all caps removed). The undersigned construes this as a request for preliminary injunction.

An injunction is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

1127, 1135 (9th Cir. 2011). An injunction will not issue if Plaintiff merely shows irreparable harm is possible— a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates a combination of probable success on the merits and the possibility of irreparable injury; if serious questions are raised and the balance of hardships tips sharply in the moving party's favor, injunctive relief may be warranted. *Indep. Living Ctr. of S. California, Inc. v. Shewry*, 543 F.3d 1047, 1049 (9th Cir. 2008). Even if one of these tests are satisfied, the court may issue a preliminary injunction only if the moving party posts a bond. Fed. R. Civ. P. 65(c).

Here, Plaintiff has failed to satisfy her burden. As discussed above, her Complaint fails to state a claim and thus she has not demonstrated a likelihood of success on the merits. Additionally, though she suggests that Bank of America and Fannie Mae are trying to take her house or may foreclose (*see* Doc. No. 11 at 5), she does not submit any factual support for these assertions. Nor does she make any provision for a bond. The undersigned recommends that the Court deny the motion for preliminary injunction without prejudice.

Accordingly, it is **ORDERED**:

Plaintiff's incorporated request for an order compelling discovery is DENIED. (Doc. No. 11). If Plaintiff needs certain documents in order to amend her complaint and is unable to obtain those documents from Defendants through the proper use of discovery, she may seek appropriate relief from the court.

It is further **RECOMMENDED**:

1. Defendants' Request for Judicial Notice as to Exhibits A and B be granted. (Doc. No. 10).
2. The motion to dismiss Defendants Hugh Frater, Brian Moynihan, and Adrianna Rodriguez be granted without leave to amend. (Doc. No. 9).
3. The motion to dismiss Defendants Bank of America and Fannie Mae be granted with leave to amend. (Doc. No. 9).
4. Plaintiff's motion for preliminary injunction be denied without prejudice. (Doc. No. 11).

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   December 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE