UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA and FANNIE MAE,<br><br>　　　　　Defendants. | Case No.  1:21-cv-848-AWI-HBK<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No.  21) |

　　　　Plaintiff initiated this action proceeding *pro se* by filing a complaint on May 26, 2021. (Doc. No. 1).  Pending before the Court is Plaintiff's motion to appoint counsel filed March 3, 2022.  (Doc. No. 21).  On March 28, 2022, the district court adopted the Findings and Recommendations granting Defendants' motion to dismiss but permitting Plaintiff an opportunity to file an Amended Complaint **no later than April 22, 2022**.  (Doc. No. 22).  In the instant motion, pre-dating the district court's March 28 order, Plaintiff states she seeks appointment of counsel for a litany of reasons, but mainly seeks an attorney as an accommodation under the ADA.  (Doc. No. 21 at 1-3).  Plaintiff also states she is a citizen of the United States and is entitled to benefits all other citizens are afforded including due process under the Fourteenth Amendment.  (*Id.* at 3).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent person to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court considers many factors to determine if exceptional circumstances warrant appointment of counsel including, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

At the outset, Plaintiff has not alleged, yet alone established, that she is indigent and cannot afford counsel. Notably, Plaintiff paid the filing fee and is not proceeding *in forma pauperis*. Nonetheless, Plaintiff has not met her "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff does not provide any specificity as to the nature of her alleged disability or how it impedes her ability to litigate this case. Plaintiff's disability status does not mandate appointment of counsel in this case. *See e.g., Lal v. United* States, Case No. 2:20-cv-349-JAM-DB, 2020 WL 8619961, at *1 (E.D. Cal. Sept. 21, 2020) (finding plaintiff's argument that he qualifies as an individual with a disability did not establish exceptional circumstances warranting appointment of counsel).

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 21) is DENIED.

Dated:   March 29, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2