UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, ET. AL.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00848-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL;<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE AUGUST 18, 2022 INITIAL SCHEDULING CONFERENCE<br><br>(Doc. Nos. 34, 40, 41) |

　　　　Pending before the Court are Plaintiff's pleading labeled, *inter alia*, "request for ADA accommodation" and "request for appointment of attorney", filed on June 3, 2022 and motion to appoint counsel and motion to continue the scheduling conference, filed on July 28, 2022. (Doc. Nos. 34, 40, 41).

**Review of Various Motions**

　　　　In Plaintiff's pleading filed on June 3, 2022, Plaintiff, in addition to asking for ADA accommodation and appointment of counsel, responds to defendants' motion to dismiss. (Doc. No. 34). Thus, the Court will direct the clerk to correct the docket entry to also reflect that Plaintiff has filed a response to defendants' motion to dismiss.

　　　　Regarding, Plaintiff's requests incorporated in the pleading, on March 30, 2022, the Court denied Plaintiff's first motion to appoint counsel. (Doc. No. 23). Plaintiff has now filed a second

and third motion to appoint counsel referencing statutory language from the Americans with Disabilities Act and the Rehabilitation Act.  (*See generally* Doc. No. 34 at 1-5; *see also* Doc. No. 40 at 1-8).  Plaintiff states she has mental disabilities and needs a disability accommodation.  (Doc. No. 34 at 2).  Under a paragraph Plaintiff entitles "request an appointment of an attorney as a court of chancery responsibility to infants, idoits [sic], lunatics, and certain charities," Plaintiff submits the Court should appoint her an attorney "paid for by the Federal Government." (*Id.* at 5).  Plaintiff also requests the Court impose "fines" on opposing counsel, Mr. Summerfield, totaling $50,000 for the first offense and $100,000 for the second offense, stemming from counsel labeling Plaintiff's disabilities "maladies."  (*Id.*).

In Plaintiff's second motion, she says she is "terrible at picking attorneys." (*Id.* at 4).  She identifies her mental disabilities as "weakness found in concentration and distractibility mildly mentally retarded.  Borderline mentally retarded concerning visual perception, immediate auditory recall, comprehension of the abstract concept of numbers, visual analysis with coordination and visual motor dexterity." (*Id.* at 1).  Regarding physical disabilities, Plaintiff states she had melanoma "at one point," Hashimoto's disease, diabetes, "abdominal epilepsy," and "numerous allergies."  (*Id.*).  Plaintiff states she would not be able to understand witnesses at trial to ask them questions or answer questions herself due to her disabilities.  (*Id.* at 5).

And, in Plaintiff's final motion seeking to cancel the August 18, 2022 initial scheduling conference, Plaintiff states opposing counsel called and asked her to do "the joint scheduling report" by phone when "phone is her worst form of communication."  (Doc. No. 41 at 1).  Plaintiff reiterates that she believes she needs an accommodation because she has "communication disabilities" and references an attached exhibit consisting of a letter Plaintiff wrote to the Worker's Compensation Appeals Board concerning a different case.  (*Id.*).

**Appointment of Counsel**

As explained in the Court's March 30, 2022 order denying Plaintiff's first motion to appoint counsel, the United States Constitution does not require appointment of counsel in civil cases.  (*See* Doc. No. 23 at 2) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases)).

Motions to appoint counsel in civil cases are granted only in "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978)(addressing relevant standard of review for motions to appoint counsel in civil cases). The Court considers many factors to determine if exceptional circumstances warrant appointment of counsel including, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

As previously noted, Plaintiff paid both the initial filing fee to proceed in this case and an appellate filing fee. (*See* Doc. No. 23 and entry dated 4/21/2022)(Receipt Nos. CAE100048568 (instant filing fee), CAE100050436 (appellate filing fee)). Again, Plaintiff has not established she is indigent and cannot afford to hire counsel. Being "terrible at picking attorneys," does not establish exceptional circumstances to warrant appointment of counsel. Further, Plaintiff's vague reference to "mental disabilities" and numerous physical ailments ranging from abdominal epilepsy to allergies do not warrant appointment of counsel in this matter.

The Court finds Plaintiff has not demonstrated exceptional circumstances to warrant appointment of counsel. A review of the pleadings reveals Plaintiff communicates effectively and has been able to file a complaint and an amended complaint. While the Court is sensitive to Plaintiff's concerns about trial, this case remains in the initial stages of litigation so these concerns are not germane at this procedural point in the proceedings. Further, defendants' motion to dismiss remains pending. (Doc. Nos. 30; 31). Should this case proceed to trial, Plaintiff may seek appointment of counsel at that time.

To the extent Plaintiff acknowledges she will not cooperate with opposing counsel to complete a joint scheduling report, Plaintiff is advised that the Court's order notified all parties, whether represented by counsel or proceeding *pro se*, of their obligation to submit a joint scheduling report. (Doc. Nos. 6 at 2; 32). The Court again reminds Plaintiff of this responsibility should this case proceed.

**Initial Scheduling Conference**

A review of the docket confirms a scheduling conference is set for August 18, 2022 at 1:00 p.m. (Doc. No. 32). As noted above, Defendants' motion to dismiss remains pending. (Doc. Nos. 31, 35)(order referring motion to dismiss and motion for ADA accommodation/motion to appoint counsel to the assigned magistrate judge). As noted by the district court, Plaintiff filed a request for ADA accommodation and motion to appoint counsel in response to Defendant's motion to dismiss. (Doc. No. 35 at 1). Thus, although the undersigned addresses Plaintiff's motion insofar as she seeks appointment of counsel herein, the Court directs the Clerk to re-title the instant motion as Plaintiff's response opposing Defendants' motion to dismiss. Because Defendants' motion to dismiss is currently ripe for review and considering Plaintiff's motion to cancel the scheduling conference, the Court deems it in the best interests of the parties and the Court to cancel the scheduling conference until the court addresses the Defendants' motion to dismiss.

Accordingly, it is **ORDERED**:

1. Plaintiff's pleading labeled "Request 1973 Rehabilitation, ADA Accommodation" (Doc. No. 34) is DENIED insofar as Plaintiff seeks appointment of counsel.

2. The Clerk shall relabel the pleading (Doc. NO. 34) as "Plaintiff's response in opposition to Defendants' motion to dismiss."

3. Plaintiff's motion to appoint counsel (Doc. No. 40) is DENIED.

4. Plaintiff's motion to cancel the initial scheduling conference (Doc. No. 41) is GRANTED to the extent the scheduling conference set for August 18, 2022 at 1:00 PM is VACATED and will be reset, if appropriate, after the court issues a ruling on the Defendants' motion to dismiss.

Dated:   August 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE