UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>           Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>           Defendants. | Case No. 1:21-cv-00848-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 31-1, 31) |

Pending before the Court the motion to dismiss Plaintiff April Premo Williams's First Amended Complaint (Doc. No. 30, "FAC") with prejudice, filed on behalf of Defendants Bank of America, N.A. and Federal National Mortgage Association d/b/a Fannie Mae on May 6, 2022. (Doc. No. 31, "Motion"). Defendants accompanied their Motion with a Request for Judicial Notice or Notice of Incorporation by Reference of certain documents in support of their Motion. (Doc. No. 31-1). On June 3, 2022, Plaintiff filed a "request for accommodation and appointment of counsel," which the Court construes as Plaintiff's opposition to Defendants' Motion. (Doc. No. 34). Defendants did not file a reply. The undersigned recommends the district court: (1) grant Defendants' Request for Judicial Notice, including incorporation by reference and (2) grant Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with prejudice.

---

[1] The district court referred the Motion to the assigned United States magistrate judge. (Doc. No. 35).

**REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c). Defendants request the Court to take judicial notice of the deeds of trust for Plaintiff's two properties (attached as Exhibits A and B) and by way of the doctrine of incorporation by reference also take notice of two promissory notes executed by Plaintiff (Exhibits C and D). (*See* Doc. No. 31 at 7, fn. 1 (citing *Howerton v. Earthgrains Baking Cos.*, 2015 U.S. Dist. LEXIS 75944, at *6-*7 (E.D. Cal. 2015); *see also* 31-1 at ¶¶1-4).

Although the motion to dismiss stage typically does not involve considering matters outside the pleadings, the court may consider items that are properly judicially noticed. *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120 (N.D. Cal. 2009). The Court may take judicial notice of the deeds of trust because they are official documents. Fed. R. Evid. 201(b)(2); *see also Rosal*, 671 F. Supp. 2d at 1120-21 (taking judicial notice of deed of trust); *Paulhus v. Fay Servicing, LLC*, Case No. 14-736, 2014 WL 3845051, *1, fn. 2 (E.D. Cal. Aug. 6, 2014) (taking judicial notice of "several recorded documents pertaining to plaintiff's property," including a deed of trust). The undersigned recommends that the Court take judicial notice of Exhibits A and B attached to Doc. No. 31-1 consisting of the deeds of trust for purposes of ruling on the instant motion to dismiss.

Defendants similarly request the Court to consider two promissory notes executed by Plaintiff by way of incorporation by reference. (Doc. Nos. 31-1 at ¶¶ 3-4). Documents extensively referenced or relied on in a complaint may be considered incorporated by reference in Rule 12(b)(6) proceedings. *Ecological Rights Found. V. Pac. Gas & Elec.*, 713 F.3d 502, 511 (9th Cir. 2013). Here, Plaintiff extensively references and relies upon the promissory notes related to her purchase of the properties and related claims set forth in her FAC. (*See* Doc. No. 30 at 5-11). Thus, the undersigned recommends the Court consider these two promissory notes

attached as Exhibit B and C because they are incorporated by reference into the FAC.

## BACKGROUND and SUMMARY OF OPERATIVE PLEADING

Plaintiff initiated this action proceeding pro se by filing a complaint on May 26, 2021 against Defendants Bank of America, N.A.; Federal National Mortgage Association d/b/a Fannie Mae), Hugh Frater, Brian Moynihan, Adriana Rodriquez, and Mark Calabria alleging claims of discrimination under the Americans with Disabilities Act, the Rehabilitation Act, and breach of contract. (Doc. No. 1). Plaintiff paid the full filing fee to proceed in this case. *See* docket.

In response, Defendants filed a motion to dismiss the complaint on August 23, 2021. (Doc. No. 9). On December 17, 2021, the undersigned issued a findings and recommendations recommending in relevant part that the district court grant the motion to dismiss filed by Defendants Frater, Moynihan, and Rodriquez, without leave to amend, and grant the motion to dismiss as to Bank of America and Fannie Mae, with leave to amend. (Doc. No. 14). The district court adopted the findings and recommendations in full on March 28, 2022, permitting Plaintiff to file an amended complaint no later than April 25, 2022. (Doc. No. 22). Plaintiff filed her operative FAC on April 22, 2022. (Doc. No. 30).

The FAC proceeds against Defendants Bank of America and Fannie Mae. (Doc. No. 30). The claims at issue in the FAC stem from the same facts previously asserted in the original complaint. Plaintiff's states she is both physically and mentally disabled. (*Id.* at 3)(stating Plaintiff is "borderline mentally retarded concerning visual perception, visual analysis with coordination and visual motor dexterity," and has the inability to concentrate and distractibility, among other issues). The FAC identifies claims of discrimination arising under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, as well as breach of contract claims against Bank of America, the loan servicer, and Fannie Mae, the loan owner, in connection with two properties Plaintiff owns. (*Id.* at 5-10).

According to the FAC, Plaintiff owned two rental properties, one located on Pyramid Drive in Ceres, California, and another on Algen Court in Modesto, California since 2008 and 2009, respectively. (*Id.* at 5, 8). For nearly a decade Plaintiff paid the mortgage on time at either Countrywide Bank or Bank of America and received a receipt. (*Id.* at 5). Plaintiff states she paid

3

the insurance and property taxes on her own. (*Id.*). Starting in 2016 and continuing through 2020, however, a series of unfortunate events occurred, including the deaths of Plaintiff's mother and sister and Plaintiff's involvement in a serious car accident. (*Id*.at 5). These series of events necessitated Plaintiff having to travel extensively and caused Plaintiff to forget to pay her property taxes.[2] (*Id.* at 6). Bank of America paid the delinquent property taxes and recovered the payment from Plaintiff. (*Id*. at 6). Plaintiff re-paid the bank for the taxes plus penalties. (*Id.*).

Thereafter, Bank of America began to escrow property taxes and insurance, despite Plaintiff's requests to not escrow for these payments (or what Plaintiff calls "impound" or "impound accounts") as an accommodation to her under the ADA. (*Id.* at 6). It appears Plaintiff refused to pay the increased monthly amount to cover the escrow reserves and incurred penalties and late fees. (*Id.*). Plaintiff believes that the bank's failure to accommodate her request shows they are discriminating against her by forcing her to deposit funds for property taxes and insurance in an escrow account. (*Id.*). As further evidence of discrimination by Bank of America, Plaintiff recalls a time she requested the bank to provide her with an estimate for re-financing her loans to a lower interest rate. (*Id.*). Plaintiff notes she rejected the "modification" and instead "paid loan 7849 off early." (*Id.*). She believes Bank of America "intentionally used Plaintiff's disability against her to take money from her." (*Id.*). Plaintiff stresses that it is imperative that she be able to "pay in person" and "get a receipt," but if there is an impound account (escrow) then Plaintiff explains she cannot pay in person because the "bank computer and loan department's computers are not connected." (*Id.* at 6).

As remedies, Plaintiff seeks a jury trial, appointment of counsel, monetary damages, and equitable relief. (*See Id.* at 10-11; *see also* Doc. No. 34 at 1). Specifically, Plaintiff seeks penalties of $100,000 from each Defendant for violating the ADA and Rehabilitation Act and requests the Court to order the bank to eliminate the escrow account. (Doc. No. 30 at 10).

////

---

[2] Plaintiff explains her property taxes are paid once a year and are not included in the monthly bills she pays the first of the month. (Doc. No. 30 at 6). Plaintiff asked Stanislaus County if she could pay her taxes monthly as an ADA accommodation, but the county refused. (*Id.*). Although outside the scope of this order, escrowing these funds would essentially create a monthly payment plan.

**APPLICABLE LAW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them). Though courts construe pro se filings liberally and afford the pro se litigant the benefit of any doubt, a pro se complaint still must satisfy these standards. *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However, where leave to amend would be futile, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," leave to amend may be denied. *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A. Breach of Contract Claims**

Like the initial complaint, the FAC alleges a breach of contract claim against Fannie Mae and Bank of America in relation to imposing an escrow account for taxes and insurance. (Doc. No. 30 at 8). Because the substance of the claim is set forth in one paragraph, the undersigned recites the supporting facts in full:

////

> PLAINTIFF'S DEED OF TRUST (J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that has the effect of law) as well as all applicable final, non-appeasable judicial opinions.
>
> Because Bank of America the servicers and Fannie Mae the lender did not give an answer to Plaintiff's request concerning the 1973 Rehabilitation Act ADA and ADA Amendment Act accommodation of no impound account both intentionally discriminated and violated section (j) of the Plaintiff's Deed of Trust they breached the contract. Because Bank of America continued to insist Plaintiff have an impound account and took money for that account out of what she paid in interest and principal on the loan Bank of America Breached Plaintiff's Deed of Trust. 1973 Rehabilitation Act, ADA and ADA Amendment Act are Federal Laws.

(*Id.* at 8)(errors or omissions in original).

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance of the contract or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damage to the plaintiff. *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

### 1. Fannie Mae

Plaintiff predicates a breach of contract claim against Fannie Mae due to it imposing the escrow account requirement. The deeds of trust expressly authorize the following: (1) an escrow account that collects funds for, among other things, taxes, and insurance; (2) the lender's waiver of the escrow account; and (3) the lender's revocation of its waiver. (Doc. Nos. 31-1 at 8 ¶ 3; 31-1 at 24 ¶ 3). As such, Plaintiff's allegations that Fannie Mae imposed an escrow account or revoked an earlier waiver of the payment of any escrow items, do not describe a breach of contract, but rather, identify conduct entirely consistent with Fannie Mae's contractual rights and obligations under the deeds of trust.

The Court provided Plaintiff an opportunity to amend her complaint but the factual allegations in the FAC still do not state a breach of contract claim. The deed of trust does not limit the lender's authority to impose an escrow account to situations in which such an account may be necessary. Plaintiff has pointed to nothing in the contract documents that requires the lender to waive the escrow account or to re-waive it after revocation. Plaintiff's personal belief that an escrow account is unnecessary does not state a breach of contract claim.

6

Defendant Fannie Mae also points out that Plaintiff cannot establish any damages for a breach of contract. (Doc. No. 31 at 18). A litigant is required to allege actual damages resulting from the breach of contract to state a claim. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (citing *Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 511 (1967)). Plaintiff remained obligated to pay her property taxes and insurance, whether directly or by Fannie Mae on her behalf. And, although Plaintiff states she has been charged various fees and penalties on her account, she does not connect those fees and penalties to any breach by Fannie Mae. Further, the promissory notes explicitly recognizes that fees and penalties may apply if Plaintiff fails to make the monthly payments. (Doc. No. 31-1 at 39, ¶6; 31-1 at 42, ¶6). Because the FAC also fails to allege actual damages resulting from Fannie Mae's breach, it fails to state a breach of contract claim.

The undersigned recommends the district court grant the motion to dismiss Plaintiff's breach of contract claim under Rule 12(b)(6) filed on behalf of Defendant Fannie Mae, and dismiss the FAC with prejudice.

### 2. Bank of America

Plaintiff claims Bank of America similarly breached the deed of trust by imposing the escrow account. However, as discussed *supra*, the existence of an escrow account is accordance with the deeds of trust. Thus, for the same reason *supra* the FAC fails to state a breach of contract claim predicated upon the creation of an escrow account.

Plaintiff also claims Bank of America violated the deeds of trust on her loans by failing to correctly apply her payments. (Doc. No. 30 at 4). According to Plaintiff, Bank of America should have first applied her payments to interest and then to principal, but Bank of America instead paid the escrow account for property taxes and insurance. (*Id.*).

Bank of America argues that the deed of trust expressly authorizes it to apply payments in the way it did. (Doc. No. 31 at 18)(citing to Exhibits A and B, ¶¶ 2-3). The cited sections reference the manner in which the payments are to be applied under various scenarios. Specifically, Paragraph 2 of the deeds of trust provides:

**Application of Payments or Proceeds**. Except as otherwise

> described in Section 2, all payments accepted applied by Lender shall be applied in the following order of priority: (a) interest due under Note; (b) principal due under the Note; (c) amounts due under Section 3 [Funds for Escrow Item]. Such payments shall be applied to each Periodic Payment **in the order in which it became due**. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance and Note.

(Doc. No. 31-1 at 8 ¶ 2)(emphasis added). Read in conjunction with Section 3, this section expressly allows the lender to apply payments first to late charges, then to other amounts due under the Security Instruction, and then, lastly, to reduce the principal balance and Note. Therefore, Plaintiff has not stated a breach of contract claim on the grounds that Bank of America misapplied her payments.

Bank of America also argues that Plaintiff has failed to allege actual damages resulting from any breach of contract. (Doc. No. 31 at 18). *Supra*, Plaintiff remained obligated to pay her taxes and insurance and otherwise fails to connect any fees and penalties incurred to a breach of contract by Bank of America and the promissory notes explicitly recognizes that fees and penalties may apply if Plaintiff fails to make the monthly payments. (Doc. No. 31-1 at 39, ¶6; 31-1 at 42, ¶6).

The undersigned recommends the district court grant the motion to dismiss Plaintiff's breach of contract claim under Rule 12(b)(6) filed on behalf of Defendant Bank of America and dismiss the FAC with prejudice.

**B.  ADA and Rehabilitation Act Claims**

Plaintiff also claims Fannie Mae and Bank of America violated the Americans with Disabilities Act and the Rehabilitation Act of 1973. In the FAC, Plaintiff references there should be no discrimination in public accommodations and argues Defendants were required to answer her "accommodation request" (to not have an escrow account). (Doc. No. 34 at 3).

In the abundance of caution, the undersigned addresses each potentially relevant section.

Title II of the ADA concerns "public services" and provides in relevant part:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

8

42 U.S.C. § 12132. A "public entity" includes a "State or local government" and such government's agencies and instrumentalities. 42 U.S.C. § 12131(a)(1)(A)-(B); *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). Here, Defendants point out that Plaintiff does state a claim against them under Title II of the ADA because they are not "public entities." Defendants are correct. As Plaintiff acknowledges, Fannie Mae is a federal entity and Bank of America is a national bank. Neither are state or local governments nor their agencies or instrumentalities. Plaintiff has not stated an ADA Title II claim against Defendants.

Title III, the "public accommodations" section of the ADA, provides:

> No individual shall be discriminated against on the basis of disability in the full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To state a Title III ADA claim, the plaintiff must plead: (1) plaintiff has a disability; (2) defendant is a place of public accommodation; and (3) defendant discriminated against the plaintiff by denying a full and equal opportunity to enjoy the services the defendant provides. *Arizona ex rel. Goddard v. Harkins Amusement Enter., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010).

Similar to her initial complaint, the FAC does not allege Plaintiff was denied the full enjoyment of services provided by Fannie Mae, as lender, or Bank of America, as loan servicer. *In Weyer v. Twentieth Century Fox Film Corp.,* a plaintiff challenged her long-term disability insurance policy's limit on mental health benefits. 198 F.3d 1104, 1114 (9th Cir. 2000). She alleged that because the policy did not include a similar limit on non-mental health benefits, it was discriminatory under Title III. (*Id.*). The Ninth Circuit rejected this argument, holding that Title III does not control the terms of the policy. (*Id.*). The Court distinguished between what is covered under Title III and what is not, reasoning:

> Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print. Likewise, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled.

9

*(Id.)*. In the Ninth Circuit, Title III governs physical spaces and the provision of services connected to those spaces, but it does not regulate the precise terms of services offered. *See Id.* at 1114*; see also National Association of the Deaf v. Harvard University*, 377 F.Supp.3d 49, 59 (D.Mass 2019) (discussing circuit split). Similar to *Weyer*, the terms of Plaintiff's mortgage agreement and whether it permits an imposition of an escrow account are outside the scope of Title III of the ADA.

At the heart of Plaintiff's claims is her belief that she is entitled to a waiver of the escrow provision. But Title III does not require the provision of different services to people with disabilities, only "nondiscriminatory enjoyment of those that are provided." *Arizona ex rel. Goddard,* 603 F.3d at 671 (quoting *Weyer*, 198 F.3d at 1115). "There is no discrimination under the Act where disabled individuals are given the same opportunity as everyone else." *Id.* (quoting *Weyer*, 198 F.3d at 1116). Like the complaint, the FAC includes no factual allegations that Defendants refused to waive the escrow provision because of Plaintiff's disability. For this additional reason, Plaintiff has not stated a claim under Title III of the ADA.

Section 504 of the Rehabilitation Act provides in relevant part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of [the person's] disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794.

Plaintiff argues due to her disability she is entitled to a waiver of the escrow account provision in the deed of trust. However, there are no allegations to suggest that Plaintiff is being excluded from participation in, denied the benefits of, or subjected to discrimination by Defendants. Rather, Plaintiff admits that the escrow account was instituted after she failed to pay her property taxes. Thus, Plaintiff has not stated a claim under the Rehabilitation Act.

Based on the foregoing, the undersigned recommends that the district court grant Defendants' motion to dismiss with respect to Plaintiff's ADA and Rehabilitation Act claims set forth in her FAC with prejudice.

10

### C. Penalties or Injunctive Relief

Plaintiff requests penalties of $100,000 from each Defendant for violating public interest under the ADA for discriminating against her due to her mental disabilities. (Doc. No. 30 at 8). Plaintiff asserts that Bank of America has been accused of discrimination before and the Department of Justice successfully recovered $335,000 when the bank "discriminated against Blacks and Hispanics." (*Id.*).

Defendants correctly point out that the penalty provision of the ADA is available only when the Attorney General commences an action under the ADA. 42 U.S.C. § 12188(b)(2)(C); 28 C.F.R. 36.504(a)(3). And, even under the scenario presented, Defendants' failure to cancel an escrow account based on Plaintiff's request does not rise to the level of an ADA violation. Thus, injunctive relief and penalties is not appropriate here where the FAC does not state a claim.

### D. No Further Leave to Amend Should Be Given

Following the Court's decision to grant Defendants' first motion to dismiss, Plaintiff had an opportunity to amend the complaint and did so. As noted above, the FAC contained similar, if not the same, facts and claims as the initial complaint. The gravamen of the lawsuit concerning Defendants' refusal to accommodate Plaintiff's request to cancel the escrow account holding payments for property taxes and insurance, does not state a claim for breach of contract nor does the allegations state any violation under the ADA or the Rehabilitation Act. Based on the facts alleged, it would be futile to continue to permit Plaintiff to file a second amended complaint. *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009)(finding no abuse of discretion in denying leave to amend where amendment would be futile); *Ecological Rights Found. V. Pac. Gas & Elec.*, 713 F.3d 502, 520 9th Cir. 2013)(court's discretion to not permit further amendments to the complaint is particularly broad when plaintiff has previously amended the complaint).

Accordingly, it is **RECOMMENDED**:

1. The district court grant Defendants' request for judicial notice as to Exhibits A and B and take notice of Exhibits C and D by way of the doctrine of incorporation by reference . (Doc. No. 31-1).

2. The district court grant the Defendants' Motion to Dismiss Plaintiff's First Amended

Complaint with prejudice (Doc. No. 31).

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 5, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE